& Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004-2391
TELEPHONE 602.229.5200

Attorneys for MPT of Florence, LLC

Robert P. Harris (#011523)
robert.harris@quarles.com
Elizabeth S. Fella (#025236)
elizabeth.fella@quarles.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>FLORENCE HOSPITAL AT ANTHEM, LLC,<br><br>Debtor. | In Proceedings Under Chapter 11<br><br>Case No. 4:18-bk-04537-BMW |
| MPT OF FLORENCE, LLC,<br><br>Movant,<br><br>v.<br><br>FLORENCE HOSPITAL AT ANTHEM, LLC,<br><br>Respondent. | **EMERGENCY MOTION FOR ORDER GRANTING STAY RELIEF** |

This emergency Motion is filed by MPT OF FLORENCE, LLC ("MPT").[1] MPT previously leased to FLORENCE HOSPITAL AT ANTHEM, LLC (the "Debtor") certain real property and improvements comprising the hospital facility located at 4545 N. Hunt Highway, Florence, Arizona 85132 (defined below as the "Leased Premises") pursuant to the Florence Lease (defined below). The last monthly rent payment that the Debtor made under the Florence

---

[1] MPT has filed a separate motion requesting that the Court schedule an expedited preliminary hearing on this Motion.

Lease was for the month of August, 2017. On February 13, 2018, MPT terminated the Florence Lease based on the Debtor's failure to make its monthly rent payments due under the Florence Lease, together with various other monetary and non-monetary defaults thereunder. Since the lease termination, the Debtor wrongfully remains in possession of the Leased Premises as a holdover tenant.

Through this Motion, MPT requests immediate relief from the automatic stay pursuant to Bankruptcy Code §362(d) so that MPT may (i) exercise its rights and remedies with respect to the Leased Premises under applicable law, including without limitation proceeding with the FED Action (defined below) and implementing a plan to transition operations at the Leased Premises to a financially viable operator, and (ii) exercise its rights and remedies with respect to the Debtor's assets in which MPT holds perfected and enforceable security interests (the "MPT Collateral"). Further, given the hopeless financial condition of the Debtor's business operations, it is necessary and appropriate for the Court to consider this Motion on an expedited basis.

MPT is entitled to stay relief for cause pursuant to Section 362(d)(1) because MPT's interests in the Leased Premises and the MPT Collateral are not being adequately protected, but rather are being held hostage by the Debtor and Petitioning Creditors despite the fact that the Debtor has no interest or right in or to the Leased Premises. MPT also is entitled to stay relief pursuant to Section 362(d)(2) because the Debtor lacks equity in the Leased Premises (which is owned by MPT and for which the Debtor has no property interest or rights) and the MPT Collateral, and, given the Debtor's interest as a holdover tenant of the Leased Premises, neither the Debtor's rights in the Leased Premises nor the MPT Collateral are necessary to any effective reorganization that has any legitimate prospect.

This Motion is supported by the attached Memorandum of Points and Authorities and the entire record before the Court in this Bankruptcy Case and the entire record before the Court in the Debtor's previous Chapter 11 case.

RESPECTFULLY SUBMITTED this 1st day of May, 2018.

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391

By /s/ Robert P. Harris
    Robert P. Harris
    Elizabeth S. Fella

Attorneys for MPT of Florence, LLC

QB\52048132.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This bankruptcy filing represents the second bankruptcy of the Debtor before this Court. On March 6, 2013, the Debtor commenced a voluntary Chapter 11 case that remains pending. *See* Bankruptcy Case No. 4:13-bk-03201-BMW ("Florence Bankruptcy I"). In Florence Bankruptcy I, a plan of reorganization (the "Plan") involving both the Debtor and Gilbert Hospital, LLC ("Gilbert" or "GH") was confirmed and went effective on February 29, 2016. As discussed below, the reorganization confirmed in the Plan has failed completely. Now, the Debtor comes before the Court through an involuntary bankruptcy petition, and is on the brink of complete shutdown.

This time, however, the Debtor has created a true emergency situation necessitating immediate action by this Court given that the Debtor is on the brink of collapse which will result in untold harm to employees, patients, creditors and the community. The Debtor has proven unquestionably that it cannot operate profitably, even with the benefits and protections of its prior bankruptcy case and restructured debt under the Plan. It is likely that in a very short timeframe, the Debtor will be unable to make payroll, its vendors will stop shipment of critical supplies and medicines, and its consulting and practicing physicians will no longer affiliate or refer patients. In fact, Debtor's CFO has represented to MPT that it will have to close the hospital if it cannot close on a sale transaction with a third party by mid-June 2018 (which cannot occur because the Debtor has no interest in the Leased Premises to sell).

Compared to the Debtor's illusory sale plan, **only MPT has a realistic solution to continue operations of a hospital at the Leased Premises**. The Court should grant MPT immediate stay relief to allow implementation of a transition plan to secure a replacement operator **before** the hospital closes, many people lose their jobs unnecessarily, the health, safety and welfare of the patients are jeopardized, and the community is left without adequate access to

hospital care.  This solution by MPT will enable a transition plan to be implemented to keep the hospital fully operational.  However, MPT needs immediate and emergency relief from stay.

### A. **Debtor's History of Default and Broken Promises.**

Throughout the history of the Florence Lease, the Debtor has been unable to consistently remain in compliance with the terms and conditions of the Florence Lease.  Even after confirming the Plan and executing the Amendment to Lease Agreement, Debtor again failed to abide by the terms of the Florence Lease.  Beginning in March 2017, the Debtor began paying rent late and stopped paying rent altogether under the Florence Lease in September 2017.  The Debtor also failed to pay other amounts due under the Florence Lease, including payment of real property taxes.  Numerous other uncured breaches exist under the Florence Lease.

MPT patiently engaged with the Debtor, and spent a lot of time and effort working with the Debtor to cure the defaults under the Florence Lease, all to no avail.  Debtor failed to provide a solution to the mounting past due amounts due under the Florence Lease.  As a result, on February 13, 2018, MPT sent the Notice of Termination (defined below in Section 7), in which MPT advised Debtor that the Florence Lease was terminated immediately and requested that Debtor contact MPT to discuss plans for an orderly transition of the Leased Premises to MPT.

Debtor did not agree to an orderly transition the Leased Premises to MPT in response to the Notice of Termination. Accordingly, on March 8, 2018, MPT sent the Demand to Vacate (defined below in Section 8) demanding that Debtor vacate the Leased Premises and arrange for an orderly transition of the Leased Premises.  Again, the Debtor refused to cooperate with MPT in efforts to save the hospital.  Rather, the Debtor is soliciting investors to effect a "sale" transaction despite the fact that the Debtor has no rights in the Leased Premises.  Even if the Debtor had an interest in the Leased Premises, which it does not, there is absolutely **no hope** that the Debtor will ever be able to profitably operate a hospital.  This Court has seen first-hand the long history of failure by the Debtor and its principals.  The Debtor is good at making promises--including

Quarles & Brady LLP
Phoenix, Arizona 85004-2391

QB\52048132.1

multiple promises to vendors, creditors, MPT, this Court--however almost all are immediately broken. It is no surprise that Johns (defined below) is one of the Petitioning Creditors, as he is the common element with the Debtor's prior failures and promises. Simply put, nothing has changed with this Debtor. The same organizational, financial and governance chaos so evident in Florence Bankruptcy I remains in place.

### B. Debtor Has No Right or Interest to the Leased Premises.

Based on Debtor's failure to engage in an orderly transition of operations and vacate the Leased Premises, MPT filed a forcible entry and detainer action (the "FED Action") in Pinal County Superior Court (the "State Court") on April 11, 2018. This involuntary bankruptcy case was filed on the eve of the State Court's hearing on MPT's FED complaint, which had been scheduled for April 30, 2018.

A new Chapter 11 process of the Debtor is doomed to failure because the Debtor has no right to continue operating any business at the Leased Premises. The Florence Lease was terminated more than two months before the current bankruptcy filing, and the Debtor thus has no right to remain on the Leased Premises. The Debtor remains in possession of the Leased Premises only as a holdover tenant. The Debtor has no business to either sell or reorganize in this new Chapter 11 case.

### C. MPT's Transition Plan.

While the Debtor only offers failed operations, broken promises and illusory plans, MPT wants to pursue an option that offers realistic hope for employees, patients, vendors, service providers, physicians and the community that the hospital might remain open and operated by a competent, experienced, financially sound hospital company. Such a transition cannot happen, however, if the Debtor is allowed to continue operating and is thereafter forced to close the hospital (most likely when the Debtor is unable to meet its payroll in the very near future).

Given the significant concerns regarding the Debtor's financial distress and continued operation of business at the Leased Premises, including without limitation, concerns about the health, safety, and welfare of the patients at the hospital and payment of obligations for running the Leased Premises, MPT should be allowed to exercise its rights and transition the Leased Premises to a new, competent and financially viable replacement operator. Under these circumstances, the Court should grant stay relief to MPT to allow MPT to exercise its rights and remedies in the Leased Premises as requested in the Motion.

## II. BACKGROUND.

1. On April 25, 2018 (the "Petition Date"), Mr. Wes Richardson, Dr. Timothy Johns ("Johns"), Dr. Zubait Tahir (collectively, the "Petitioning Creditors") filed an involuntary petition against the Debtor commencing the above-captioned Bankruptcy Case (the "Involuntary Case"). The Debtor has not yet answered the involuntary petition, although the Debtor accepted service. *See* Dkt. 4.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334. This Motion presents a core proceeding as defined in 28 U.S.C. § 157(b)(2).

3. On or about November 4, 2010, MPT, as Lessor, and the Debtor, as Lessee, entered into a Lease Agreement (as amended, modified or restated from time to time, including without limitation the Florence Lease Amendment (defined below), collectively, the "Florence Lease").[2] Under the Florence Lease, MPT leased to the Debtor certain land and improvements as described in the Florence Lease (the "Leased Premises") under the terms and conditions stated therein. A copy of the Florence Lease is attached to this Motion as **Exhibit A**.

4. On March 6, 2013, Debtor commenced Florence Bankruptcy I. On January 8 2014, the Debtor and MPT filed with this Court a *Stipulation and Agreement Regarding Debtor's*

---

[2] Unless stated otherwise herein, terms defined in the Florence Lease will have the same meanings when used in this Motion.

*Assumption of Real Property Lease and Related Matters* [Florence Bankruptcy I, Dkt. 432] (the "Lease Stipulation"), which the Court approved in an Order dated March 10, 2014 [Florence Bankruptcy I, Dkt. 494] (the "Lease Assumption Order"). A copy of the Lease Stipulation is attached to this Motion as **Exhibit B.** A copy of the Lease Assumption Order is attached to this Motion as **Exhibit C**.

5. Under the terms and conditions of the Lease Stipulation, the Debtor agreed, and under the Lease Assumption Order the Court adjudicated, that (i) the Florence Lease is a true lease, (ii) MPT is the owner of the Leased Premises, (iii) the Debtor's only rights and interests in the Leased Property are its rights and interests as lessee under the Florence Lease; and (iv) the transactions under the Florence Lease are not secured financing transactions. In accordance with the Lease Stipulation, and pursuant to the Lease Assumption Order, the Debtor assumed the Florence Lease.

6. In Florence Bankruptcy I, the Court approved and confirmed the joint Plan of reorganization of the business and affairs of the Debtor and Gilbert. The Plan became effective on February 19, 2016. In conjunction with the Plan effective date, MPT and the Debtor executed an amendment to the Florence Lease (the "Florence Lease Amendment"). A copy of the Florence Lease Amendment is attached to this Motion as **Exhibit D.** The Florence Lease, as amended, expressly authorizes MPT to exercise its contractual and statutory enforcement rights in the event of a default.

7. Since the Plan effective date, the Debtor was required to pay various obligations to MPT under the Florence Lease, including, among other things, base rent payments of more than $290,000 per month, which increased annually thereafter. The last monthly rent payment the Debtor made to MPT was for August, 2017. The Debtor has defaulted under various other payment obligations under the Florence Lease, including without limitation payment of real estate taxes. After numerous default notices by MPT to the Debtor based on the many uncured defaults

Quarles & Brady LLP
Phoenix, Arizona 85004-2391

under the Florence Lease, MPT terminated the Florence Lease as described in that certain Notice of Termination date February 13, 2018 (the "Notice of Termination"). A copy of the Notice of Termination is attached to this Motion as **Exhibit E.** Among other things, MPT requested that the Debtor contact MPT to discuss the Debtor's plan for an orderly transition of the Leased Premises.

8. After the Debtor failed to cooperate with MPT to transition operations, MPT delivered to the Debtor a Demand to Vacate the Leased Premises on March 8, 2018 (the "Demand to Vacate"). A copy of the Demand to Vacate is attached hereto as **Exhibit F.** The Debtor, however, still failed to vacate the Leased Premises.

9. On April 11, 2018, MPT commenced the FED Action requesting immediate possession of the Leased Premises. A copy of the complaint initiating the FED Action is attached hereto as **Exhibit G.** The State Court set a hearing on MPT's FED complaint for April 30, 2018 (the "FED Hearing"). The Involuntary Case was filed on the eve of the FED Hearing.

10. An MPT affiliate, MPT of Gilbert, LLC ("MPT of Gilbert"), is the owner and landlord of the hospital facility operated by GH. MPT of Gilbert also terminated its lease with GH in February 2018. MPT of Gilbert filed a similar FED action against GH on April 10, 2018, in Maricopa County Superior Court, based on GH's refusal to surrender the leased facility after the lease had been terminated. A hearing on the FED action involving GH was scheduled for April 26, 2018. Similar to the Debtor, certain creditors of GH, including Johns, filed an involuntary bankruptcy case against GH on April 25, 2018.

11. The termination of their respective leases is not the only problem facing the Debtor and GH. It appears that both have failed to make payments to their primary secured creditor, Indigo-DLI Holdings I, LLC ("Indigo"), for many months. On April 6, 2018, Indigo filed a receivership action against the Debtor, GH, and their parent, New Vision Health, LLC ("NVH"), in Maricopa County Superior Court, which the defendants therein subsequently removed to this Court, and which Indigo thereafter moved to remand. In its receivership action,

Indigo alleges that the Debtor and GH have defaulted under the terms of their loan agreement with Indigo, and that those defaults also remain uncured and unwaived. Upon information and belief, MedHost has provided billing and medical record services to both the Debtor and GH. Following many defaults under the respective agreements, MedHost terminated their agreements in January 2018, with the Debtor and GH and stopped providing billing services. It is therefore unclear how the Debtor and GH are billing and recovering reimbursement for services provided at the hospitals.

### III.  ARGUMENT.

Bankruptcy Code § 362(d) sets forth independent and alternative grounds for relief from the automatic stay. Relief from the automatic stay shall be granted "for cause," including, without limitation, lack of adequate protection. See 11 U.S.C. § 362(d)(1). In addition, a creditor with an interest in property is entitled to relief from the automatic stay if: (i) the debtor lacks equity in the property; and (ii) the property is not necessary for an effective reorganization that is in prospect. See 11 U.S.C. § 362(d)(2); United Sav. Ass'n. of Texas v. Timbers of Inwood Forest Assoc., Ltd., 484 U.S. 365, 375-76 (1988). As discussed below, MPT is entitled to relief from stay under both prongs of the statute.

The grounds for relief set forth in Bankruptcy Code § 362(d) are independent and alternative. See 11 U.S.C. § 362(d)(1)-(3); In re Sun Valley Ranches, Inc., 823 F.2d 1373, 1376 (9th Cir. 1987) (the provisions of Section 362(d) are disjunctive and stay relief may be granted if any provision applies); In re Duvar Apt., Inc., 205 B.R. 196 (B.A.P. 9th Cir. 1996). The moving party has the burden of proof only on the issue of the debtor's lack of equity in the property under Section 362(d)(2). See 11 U.S.C. § 362(g)(1). Debtor has the burden of proof with respect to all other issues raised by this Motion. See id. § 362(g)(2); In re Gauvin, 24 B.R. 578, 580 (B.A.P. 9th Cir. 1982), accord In re Jordan, 392 B.R. 428, 450 n.40 (Bankr. D. Idaho 2008). Applying the

Quarles & Brady LLP
Phoenix, Arizona 85004-2391

QB\52048132.1

foregoing standard, MPT is entitled to stay relief under each of the independent grounds for relief set forth in Sections 362(d)(1) and (d)(2).

### A. MPT Is Entitled to Stay Relief for "Cause" Under Bankruptcy Code § 362(d)(1).

Pursuant to Bankruptcy Code § 362(d)(1), relief from the automatic stay must be granted for "cause," which includes, but is not limited to, lack of adequate protection. 11 U.S.C. § 362(d)(1). "Cause" is not defined in the Bankruptcy Code and is determined by the circumstances of a particular case. See In re Conejo Enters., Inc., 96 F.3d 346, 352 (9th Cir. 1996). Courts may exercise discretion in determining whether cause exists for lifting the automatic stay under Section 362(d)(1). See In re Beguelin, 220 B.R. 94, 98 (B.A.P. 9th Cir. 1998) (citing In re Tucson Estates, Inc., 912 F.2d 1162, 1199 (9th Cir. 1990)). The burden of proof is on the Debtor to establish that a creditor's interest is adequately protected. See 11 U.S.C. § 362(g)(2).

In this case, the Debtor continues to occupy the Leased Premises after the termination of the Florence Lease as holdover tenant without any adequate protection for MPT's interests. Particularly given the Debtor's historical performance both before, during and following plan confirmation in Florence Bankruptcy I, including its ongoing losses and failures even after the benefit of restructuring its debt in Florence Bankruptcy I, there is no credible argument that the Debtor can provide adequate protection to MPT. Quite the contrary, the Debtor's continued operation of the hospital at the Leased Premises only increases the risk to MPT, as the Debtor approaches nearer and nearer to a complete shutdown. Accordingly, MPT is entitled to stay relief under Section 362(d)(1).

### B. MPT Is Entitled to Stay Relief Under Bankruptcy Code § 362(d)(2) Because the Debtor Lacks Equity in the Leased Premises, and the Leased Premises Are Not Necessary To An Effective Reorganization.

Pursuant to Section 362(d)(2), stay relief must be granted where: (i) the debtor lacks equity in the subject property, and (ii) the property is not necessary for an effective

reorganization. See 11 U.S.C. § 362(d)(2). The Debtor holds no right or interest in the Leased Premises and therefore cannot satisfy either element of §362(d)(2).

In this case, the grounds for relief under Section 362(d)(2) are clear. The Debtor lacks equity in the Leased Premises (which is owned by MPT and for which the Debtor has no property interest or rights). Moreover, given the Debtor's only interest is as a holdover tenant of the Leased Premises, the Debtor's rights in the Leased Premises (if any) are not necessary to any effective reorganization that has any legitimate prospect. Stay relief under Section 362(d)(2) should be granted.

## IV. CONCLUSION

Based on the foregoing and the entire record before the Court, MPT hereby requests an Order:

A. Terminating the automatic stay so that MPT may pursue its rights and remedies with respect to the Leased Premises under the Florence Lease and applicable law without further order of the Court, including without limitation proceeding with the FED Action, and (ii) the MPT Collateral;

B. Directing that the provisions of Bankruptcy Rule 4001(a)(3) are waived such that the Order shall be effective and enforceable immediately upon entry; and

C. Granting MPT such other and further relief as the Court deems just and property under the facts and circumstances of this case.

A copy of a proposed form of Order is attached hereto as **Exhibit H**.

RESPECTFULLY SUBMITTED this 1st day of May, 2018.

             QUARLES & BRADY LLP
             Renaissance One
             Two North Central Avenue
             Phoenix, AZ  85004-2391


            By /s/ Robert P. Harris
              Robert P. Harris
              Elizabeth S. Fella

            Attorneys for MPT of Florence, LLC

COPIES of the foregoing sent via
e-mail this 1st day of May, 2018, to:

Gerald Shelley
FENNEMORE CRAIG P.C.
2394 E. Camelback Road, Suite 600
Phoenix, AZ 85016
Email: gshelley@fclaw.com

Philip G. Mitchell
THE CAVANAGH LAW FIRM
1850 N. Central Avenue, Suite 2400
Phoenix, AZ 85004
Email: pmitchell@cavanaghlaw.com
Attorneys for Petitioning Creditors

Kyle S. Hirsch
Julie M. Birk
BRYAN CAVE LEIGHTON PAISNER LLP
Two N. Central Avenue, Suite 2100
Phoenix, AZ 85004-4406
Email: kyle.hirsch@bclplaw.com
Email: julie.birk@bclplaw.com
Attorneys for Indigo-DLI Holdings I, LLC

1. Thomas J. Salerno
   Alisa C. Lacey
2. Anthony P. Cali
   STINSON LEONARD STREET LLP
3. 1850 N. Central Avenue, Suite 2100
   Phoenix, AZ 85004-4584
4. Email: thomas.salerno@stinson.com
   Email: jeffrey.goulder@stinson.com
5. Email: anthony.cali@stinson.com
   Attorneys for David Gottlieb, Trustee of the
6. Gilbert Hospital Unsecured Creditors Trust

7. Office of the U.S. Trustee
   230 N. First Avenue, Suite 204
8. Phoenix, AZ 85003

/s/ Sybil Taylor Aytch

QB\52048132.1